IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY HARRIS, JR., | ) |
| | ) Crim. Action No. 13-58 |
| Petitioner, | ) |
| | ) Related to: Civil Action No. 21-287 |
| v. | ) |
| | ) Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 715) filed at Criminal Action No. 13-58 and at Civil Action No. 21-287.[1]  For the reasons stated by the Government in opposition ("Response") (Doc. 730), which are incorporated by reference herein, the Motion will be denied.

**BACKGROUND**

The Court writes exclusively for the parties and therefore sets forth only those facts that are necessary to the disposition of Petitioner's Motion.

On August 6, 2013, Petitioner Gregory Harris, Jr. was charged with one count in the Superseding Indictment at Criminal Action No. 13-58 for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and one count in the Superseding Indictment at Criminal Action No. 13-57 for possession, use, and discharge of a firearm in

---

[1] Petitioner failed to timely file a statement of intent (pursuant to the Court's Order on the Government's Motion at Doc. 720) and as such, the Government was ordered to respond to the Petitioner's Motion as filed (Doc. 722).  Petitioner was also released in early 2022 due to the recalculation of early release dates under the First Step Act.  On January 19, 2022, the Court ordered Petitioner to respond if he still wished to pursue his Motion and Petitioner did so in February 2022, indicating his intent to continue to pursue his Motion.  See Docs. 734, 735.

1

furtherance of a drug trafficking crime. After a two-week trial, where Petitioner was tried along with co-defendants Keith Harris and Thomas Hopes, Petitioner was found guilty of conspiring to sell and distribute heroin and acquitted of the abduction charge. Criminal Action No. 13-58 covered the conspiracy charge. On February 26, 2016, Petitioner was sentenced to 121 months imprisonment with credit for time served and 5 years supervised release. Doc. 604. Petitioner appealed his sentence with his co-defendants. The Court of Appeals for the Third Circuit affirmed his conviction and sentence and found any errors harmless. United States v. Harris, 788 F. App'x 135 (3d Cir. 2019).

**ANALYSIS**

    I.   Need for Evidentiary Hearing

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the record conclusively shows that the petitioner is not entitled to relief. U.S. v. Ritter, 93 F. App'x 402 (3d Cir. 2004); 28 U.S.C § 2255. Under this standard, a hearing is unnecessary in this case.

    II.   Petitioner's Claims

Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Such relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Petitioner posits four grounds for relief: (1) ineffective assistance of appellate counsel for failure to raise structural error on direct appeal; (2) prosecutorial misconduct for the use of the label "Uptown Crew" and misleading the jury during closing argument; (3) ineffective assistance of trial counsel for failure

to object to the district judge's alleged misapplication of Federal Rule of Evidence ("FRE") 701; and (4) ineffective assistance of appellate counsel for not arguing multiple conspiracies which resulted in prejudicial spillover. Motion at 4-8. For clarity, grounds 1, 3 and 4 will be grouped together for analysis, followed by a discussion of ground 2.

### III. Petitioner's Ineffective Assistance Claims

Where a petitioner claims a deprivation of his constitutional right to effective counsel, as Petitioner does here, he must show that "(1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice." Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness …. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" Hinton v. Alabama, 571 U.S. 273, 274 (2014) (quoting Strickland, 466 U.S. at 690). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." Strickland, 466 U.S. at 681. A court "must be highly deferential" in evaluating counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 669. With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Hinton, 571 U.S. at 275 (quoting Strickland, 466 U.S. at 694); see also Ross, 672 F.3d at 210 (quoting Richter, 131 S. Ct. at 787).

First, Petitioner's allegations regarding his trial counsel have already been covered on appeal. Petitioner claims that trial counsel failed to object to the district court's alleged misapplication of FRE 701 with respect to Special Agent Francis and Task Force Officer Countryman.[2] Motion at 8. With respect to Francis, the record indicates that his trial counsel *did* object, though she was overruled by the district court. Response at 16; United States v. Harris, 788 F. App'x 135, 149 (3d Cir. 2019). The circuit addressed this issue and found that the district court's admittance of this testimony was harmless error. Harris, 788 F. App'x at 147-151. With respect to Countryman, the Court found that the district court did not plainly err in admitting his testimony. Id. at 146-47. Therefore, Petitioner cannot establish that trial counsel's performance was deficient and that it caused him prejudice.

Second, Petitioner raises ineffective assistance allegations regarding his appellate counsel for not raising on direct appeal trial counsel's alleged concession of guilt and for allegedly failing to argue multiple conspiracies resulting in prejudicial spillover. Motion at 5, 9. The Strickland test applies to the performance of appellate counsel. United States v. Mannino, 212 F.3d 835, 840 n.4 (3d Cir. 2000). Appellate counsel may use their judgment to make strategic decisions about which appellate issues to raise to maximize the chances of a successful appeal. Smith v. Robbins, 528 U.S. 259, 288 (2000). For claims of ineffective assistance of appellate

---

[2] From Petitioner's Motion, it is not clear exactly what part of Countryman or Francis's testimony Petitioner is objecting to. As such, the Court assumes it is the same testimony that was raised on direct appeal. To the extent it is something else, Petitioner has not given enough specificity for the Court to evaluate the merits of his claim.

counsel, a petitioner must show that "there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard." Mannino, 212 F.3d at 845 (emphasis omitted).

Petitioner claims that trial counsel conceded Petitioner's guilt, but she did not.  Motion at 5.  Trial counsel advocated vigorously for Petitioner, and in so doing, made a strategic decision to concede to an element of the offense Petitioner was charged with, not his guilt to the charge against him.  The record shows trial counsel conceded there was evidence Petitioner distributed heroin.  Response at 24-26.  There was no prejudice because there was sufficient evidence at trial that he distributed heroin.  Response at 27-28.  Petitioner also alleges that trial counsel acted contrary to Petitioner's instructions, but without citing any evidence.  Petitioner's appellate counsel could not have effectively raised this issue on appeal because there is no record that trial counsel acted contrary to Petitioner's instructions.  Response at 25-27.  Appellate counsel does not act ineffectively by failing to raise a meritless issue on appeal.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

With respect to failure to argue multiple conspiracies and prejudicial spillover, Petitioner argues that the jury was confused and was unable to separate evidence regarding Petitioner from evidence against Thomas Hopes and Keith Harris.  Motion at 9.  However, Petitioner's appellate counsel *did* challenge the Government's single-conspiracy theory on appeal, and these arguments were rejected by the Third Circuit.  Response at 29.  In addition, at trial, the jury found Petitioner to be guilty of a lesser-included offense and responsible for a lower quantity of heroin than Hopes and Keith, which cuts against any argument that the jury was confused and Petitioner affected by the evidence presented about his co-defendants.  Response at 31-33.

IV. Prosecutorial Misconduct

Finally, Petitioner alleges prosecutorial misconduct based on the government's alleged concession during oral argument on the appeal that its case agents affixed the label "Uptown Crew" as a framing device for themselves and the jury. Motion at 6. Petitioner argues that this was "newly discovered" because the government conceded this point during appellate oral argument. Id. at 7. The circuit's dissenting opinion and Petitioner interpret this concession to mean that the government invented the term "Uptown" or "Uptown Crew." Yet the trial record is clear that there was evidence of conspirators associating with each other using a U-shaped hand sign, wearing clothing with a "U" symbol, and referring to themselves as "Uptown." Response at 42. Moreover, affixing the name "Uptown" to the conspiracy was not a critical factor given the other evidence of defendants' conduct at trial. Response at 43-44.

Petitioner also alleges prosecutorial misconduct at trial, specifically that there was no foundation for the playing of rap videos at trial, and that the government "committed fraud on the court when it took part in this conscious wrongdoing which was the knowing use of false evidence." Motion at 6. Petitioner also alleges that the government misled the jury during its closing argument at trial. Id. Petitioner's issues with the government's conduct at trial were already raised on appeal—the circuit expressly held that the agents laid the foundation for the existence and labeling of "Uptown."[3] Harris, 788 F. App'x at 149-51. In addition, the permissibility of references to "Uptown" was litigated in pretrial motions prior to trial. Response at 36-37. There also was no misconduct when the trial AUSA argued during closing that there was one conspiracy, as the government is entitled considerable latitude in summation to make its case. United States v. Lee, 612 F.3d 170, 194 (3d Cir. 2010). The circuit also affirmed that there

---

[3] The circuit found that some statements were inadmissible when presented, but foundation was laid later and ultimately, the circuit found the error harmless.

was sufficient evidence Petitioner participated in a conspiracy as charged in the Superseding Indictment, and that the single-conspiracy theory did not constructively amend or vary from the indictment.  Harris, 788 F. App'x at 142-143.

In sum, none of Petitioner's arguments on the merits are convincing, and the Petition (Doc. 715) is DENIED.  No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

 IT IS SO ORDERED.


April 18, 2022              s\Cathy Bissoon
                     Cathy Bissoon
                     United States District Judge


cc (via First-Class U.S. Mail):

Gregory Harris, Jr.
243 East 19th Avenue
Homestead, PA 15120

cc (via ECF email notification):

All Counsel of Record